# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, )<br><br>Plaintiff, )<br><br>v. )<br><br>BOUCHARD TRANSPORTATION COMPANY, )<br>INC., )<br><br>TUG EVENING TIDE CORPORATION, and )<br><br>B. No. 120 CORPORATION, )<br><br>Defendants. ) | Civil Action No. |

## COMPLAINT

The Commonwealth of Massachusetts (the "Commonwealth"), by authority of the Attorney General for the Commonwealth, acting at the request of the Massachusetts Executive Office of Energy and Environmental Affairs, brings this complaint and alleges as follows:

## PRELIMINARY STATEMENT

1.    This is a civil action brought against Bouchard Transportation Company, Inc., Tug Evening Tide Corporation, and B. No. 120 Corporation ("Defendants") pursuant to the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §§ 2701-2761, and the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, Mass. Gen. Laws ch. 21E, §§ 1-19 ("Chapter 21E"), seeking natural resource damages, as specifically identified herein, arising from an oil spill from the Defendants' tank barge Bouchard No. 120 into or upon navigable waters of the United States and the waters of the Commonwealth and adjoining shorelines in and around Buzzards Bay, Massachusetts (the "Oil Spill").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and Section 1017 of OPA, 33 U.S.C. § 2717(b).  This Court has pendent jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District, pursuant to Section 1017(b) of OPA, 33 U.S.C. § 2717(b), and 28 U.S.C. § 1391(b), because the discharge of oil and natural resource injuries occurred in this District.

## PARTIES

4.     The Plaintiff is the Commonwealth of Massachusetts appearing by and through the Attorney General of the Commonwealth of Massachusetts and the Massachusetts Executive Office of Energy and Environmental Affairs.

5.     The Attorney General is the chief law officer of the Commonwealth, with offices at One Ashburton Place, Boston, Massachusetts.  She is authorized to bring this action, and to seek the relief requested herein, pursuant to G.L. c. 12, §§ 3 and 11D.

6.     The Executive Office of Energy and Environmental Affairs ("EOEEA") maintains its principal office at 100 Cambridge Street, Suite 900, Boston, Massachusetts.  The Secretary of EOEEA is the Massachusetts official designated to act on behalf of the public as trustee for natural resources managed or protected by the Commonwealth and its agencies.

7.     Defendant Bouchard Transportation Company, Inc., is a New York corporation with its principal place of business in Hicksville, New York.  Defendant Bouchard Transportation Company, Inc., was the owner/operator of the tank barge Bouchard No. 120 at the time of the Oil Spill.

8.    Defendant Tug Evening Tide Corporation is a New York corporation with its

principal place of business in Hicksville, New York.  It is/was a wholly-owned subsidiary of

Defendant Bouchard Transportation Company, Inc., and was towing the tank barge Bouchard

No. 120 at the time of the Oil Spill.

9.    Defendant B. No. 120 Corporation is a New York corporation with a principal place

of business in Melville, New York.  It is/was a wholly-owned subsidiary of Defendant Bouchard

Transportation Company, Inc., and the owner of the tank barge B. No. 120 at the time of the Oil

Spill.

10.   Each Defendant is a "person" within the meaning of Section 1001(27) of OPA, 33

U.S.C. § 2701(27), and Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2.

## STATUTORY BACKGROUND

### The Oil Pollution Act of 1990

11.   Section 1002(a) of OPA, 33 U.S.C. § 2702(a), provides that "each responsible party

for a vessel or a facility from which oil is discharged, or which poses the substantial threat of a

discharge of oil, into or upon the navigable waters or adjoining shorelines . . . is liable for the

removal costs and damages . . . that result from such incident."

12.   Section 1001(32) of OPA, 33 U.S.C. § 2701(32), defines "responsible party" to

include, "[i]n the case of a vessel, any person owning [or] operating . . . the vessel."

13.   The term "discharge" includes any "spilling, leaking, pumping, pouring, emitting,

emptying, or dumping" pursuant to Section 1001(7) of OPA, 33 U.S.C. § 2701(7).

14.   "Damages" for which a responsible party is liable, pursuant to Section 1002(a) of

OPA, 33 U.S.C. § 2702(a), include, "[d]amages for injury to, destruction of, loss of, or loss of

use of, natural resources, including the reasonable costs of assessing the damage . . ."  33 U.S.C.

§§ 2701(5) and 2702(b)(2).

15.     Pursuant to Section 1006(b)(3) of OPA, 33 U.S.C. § 2706(b)(3), the Secretary of

EOEEA has been designated as trustee for the Commonwealth for recovery under OPA for

injuries to, destruction of, loss of, or loss of use of natural resources belonging to, managed by,

held in trust by, appertaining to, or otherwise controlled by the Commonwealth and its agencies.

**Massachusetts Oil and Hazardous**
**Material Release Prevention and Response Act**

16.     Section 5 of Chapter 21E provides that "the owner or operator of a vessel or a site

from or at which there is or has been a release of oil or hazardous material . . . shall be liable,

without regard to fault, . . . to the [C]ommonwealth for all damages for injury to and for

destruction or loss of natural resources, including the costs of assessing and evaluating such

injury, destruction or loss, incurred or suffered as a result of such release or threat of release."

Mass. Gen. Laws ch. 21E, §§ 5(a)(1), 5(a)(ii).

17.     Section 2 of Chapter 21E defines "owner or operator" as, "in the case of a vessel, any

person owning, operating or chartering by demise such vessel."  Mass. Gen. Laws ch. 21E, § 2.

18.     The term "release" includes "any spilling, leaking, . . . discharging, . . . dumping or

disposing into the environment."  Mass. Gen. Laws ch. 21E, § 2.

19.     The term "environment" includes "waters[] [and] land . . . of the [C]ommonwealth."

Mass. Gen. Laws ch. 21E, § 2.

20.     The term "waters of the Commonwealth" includes "all waters within the jurisdiction

of the [C]ommonwealth, including . . . coastal waters."  Mass. Gen. Laws ch. 21E, § 2.

## GENERAL ALLEGATIONS

21.   On April 27, 2003, the tank barge Bouchard No. 120 was being towed by the tugboat Evening Tide across Buzzards Bay, Massachusetts.  At the time, the tank barge Bouchard No. 120 was loaded with No. 6 fuel oil.

22.   During the transit, the vessels strayed off course and the tank barge struck a rock outcropping, which ruptured the hull of the tank barge and caused the release of tens of thousands of gallons of fuel oil cargo into Buzzards Bay off the shores of the Commonwealth and Rhode Island.

23.   The aforesaid fuel oil was an "oil" within the meaning of Section 1001(23) of OPA, 33 U.S.C. § 2701(23), and Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2.

24.   Buzzards Bay and the waterways in or near the Bay are "navigable waters" within the meaning of Section 1001(21) of OPA, 33 U.S.C. § 2701(21), and are also "waters of the [C]ommonwealth" within the meaning of Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2.

25.   The discharged oil impacted over 100 miles of beach and shoreline of the Commonwealth and Rhode Island.

26.   The discharged oil caused injury to, destruction of, loss of, or loss of use of the natural resources, as specifically identified herein, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the Commonwealth, which include the waters of the Commonwealth; aquatic life therein; lands and beaches adjacent thereto; and Atlantic Coast Piping Plover (*Charadrius melodus*), which is designated as threatened under the Endangered Species Act of 1973, 16 U.S.C. §§ 1531-1544 (as amended), and the Massachusetts Endangered Species Act, Mass. Gen. Laws ch. 131A, §§ 1-6 (hereinafter "piping plover").  The Oil Spill also

resulted in oiling and temporary closures of shellfishing beds and restrictions on boating and beach access.

27.   As a result of the discharge of oil, the Commonwealth has incurred costs in assessing and evaluating the damage to natural resources caused by the Oil Spill.

### CAUSES OF ACTION

**COUNT I:   THE DEFENDANTS ARE JOINTLY AND SEVERALLY LIABLE FOR DAMAGES TO NATURAL RESOURCES UNDER OPA.**

28.   The Commonwealth realleges and incorporates by reference the averments of paragraphs 1–27.

29.   As a result of the discharge of oil into or upon navigable waters or adjoining shorelines, within the meaning of Section 1002(b)(2)(A) of OPA, 33 U.S.C. § 2702(b)(2)(A), there has been injury to, destruction of, loss of, or loss of use of "natural resources," as that term is defined in Section 1001(20) of OPA, 33 U.S.C. § 2701(20), for which the Commonwealth is a trustee within the meaning of Section 1006(b)(3) of OPA, 33 U.S.C. § 2706(b)(3).  The specific natural resource damages sought by the Commonwealth in this action are to: (1) aquatic resources (i.e., aquatic habitats, the water column, subtidal sediment areas; and living organisms that reside in or utilize those aquatic habitats; and the services provided by those habitats and living organisms); (2) recreational resources (i.e., the human use of natural resources by members of the public for recreational activities, including shellfishing, general shoreline use, and boating); (3) shoreline resources (i.e., intertidal habitats including marshes, sand beaches, and coarse substrates; living organisms that reside in or utilize those intertidal habitats; and the services provided by those habitats and organisms); and (4) piping plover.

30.   As a responsible party for a vessel from which oil was discharged into or upon the navigable waters or adjoining shorelines, the Defendants are liable to the Commonwealth under

Sections 1002(a) and 1002(b)(2)(A) of OPA, 33 U.S.C. §§ 2702(a) and 2702(b)(2)(A), for

damages for such injury to, destruction of, loss of, or loss of use of, natural resources, as well as

the reasonable costs of assessing those damages.

**COUNT II:      THE DEFENDANTS ARE JOINTLY AND SEVERALLY LIABLE FOR DAMAGES TO NATURAL RESOURCES UNDER MASS. GEN. LAWS CH. 21E.**

31.   The Commonwealth realleges and incorporates by reference the averments of

paragraphs 1–27.

32.   As a result of the release of oil into or upon waters of the Commonwealth or

adjoining shorelines, within the meaning of Section 5(a)(ii) of Chapter 21E, Mass. Gen. Laws.

ch. 21E, § 5(a)(ii), there has been injury to, destruction of, loss of, or loss of use of natural

resources for which the Commonwealth may seek to recover damages.  The specific natural

resource damages sought by the Commonwealth in this action are to: (1) aquatic resources (i.e.,

aquatic habitats, the water column, subtidal sediment areas; and living organisms that reside in or

utilize those aquatic habitats; and the services provided by those habitats and living organisms);

(2) recreational resources (i.e., the human use of natural resources by members of the public for

recreational activities, including shellfishing, general shoreline use, and boating); (3) shoreline

resources (i.e., intertidal habitats including marshes, sand beaches, and coarse substrates; living

organisms that reside in or utilize those intertidal habitats; and the services provided by those

habitats and organisms); and piping plover.

33.   As owners and operators of a vessel from which oil was discharged into or upon the

waters of the Commonwealth or adjoining shorelines, the Defendants are liable to the

Commonwealth under Section 5(a)(ii) of Chapter 21E, Mass. Gen. Laws. ch. 21E, §5(a)(ii), for

all damages for such injury to, destruction of, loss of, or loss of use of, natural resources, as well

as the costs of assessing and evaluating such injury, destruction, or loss, incurred or suffered by

the Commonwealth as a result of such release.

## REQUEST FOR RELIEF

WHEREFORE, the Commonwealth asks that this Court:

A.      Award damages to the Commonwealth under Sections 1002(a) and 1002(b)(2)(A)

of OPA, 33 U.S.C. §§ 2702(a) and 2702(b)(2)(A), for injury to, destruction of, loss of, or loss of

use of the natural resources, as specifically identified above in Paragraph 29, and all reasonable

costs incurred or to be incurred by the Commonwealth in assessing such damages.

B.      Award damages to the Commonwealth under Section 5(a)(ii) of Chapter 21E,

Mass. Gen. Laws ch. 21E, § 5(a)(ii), for injury to, destruction of, loss of, or loss of use of the

natural resources, as specifically identified above in Paragraph 32, and all costs incurred or to be

incurred by the Commonwealth in assessing and evaluating such damages.

C.      Award the Commonwealth all of its costs to maintain this action.

D.      Grant such other relief as the Court deems just and proper.

//

//

//

//

//

//

//

//

//

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS

By its attorneys,

MARTHA COAKLEY
ATTORNEY GENERAL


  /s/ Seth Schofield (by permission)
Seth Schofield, BBO No. 661210
Assistant Attorney General
Environmental Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, Massachusetts 02108
Tel: (617) 963-2436
seth.schofield@state.ma.us


  /s/ Matthew Brock
Matthew Brock, BBO No. 553226
Assistant Attorney General
Environmental Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, Massachusetts 02108
Tel: (617) 727-2200
Dated: November 2010                  matthew.brock@state.ma.us


10-09.07 [2] - MA Bouchard Complaint [fnl].doc